IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| REGINALD EVANS, | ) Civil Action No. 3:07-2688-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE CITY OF SUMTER, SOUTH CAROLINA; CHIEF OF SUMTER POLICE PATTY J. PATTERSON;SUMTER POLICE DEPARTMENT; SUMTER COUNTY SOUTH CAROLINA; SUMTER-LEE REGIONAL DETENTION CENTER, | ) ) ) ) ) ) ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants, | ) |
| | ) |

Plaintiff filed this action on August 1, 2007.[1] His allegations concern his arrest on July 25, 2007. Defendants are the City of Sumter; Patty J. Patterson ("Patterson"), the Chief of the Sumter City Police Department; the Sumter City Police Department ("SCPD"); Sumter County; and the Sumter-Lee Regional Detention Center ("SLRDC"). Defendants Sumter County and SLRDC (collectively the "County Defendants") filed a motion to compel or in the alternative to dismiss for failure to prosecute on January 3, 2008. The County Defendants filed a motion for summary judgment on January 10, 2008. Defendants Patterson, SCPD, and the City of Sumter (collectively the "City Defendants") also filed a motion for summary judgment on January 10, 2008. Because Plaintiff is proceeding pro se, he was advised on January 17, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motions for summary judgment could result in the dismissal of his complaint. On February 19, 2008, Plaintiff

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

filed a response in opposition to summary judgment. The City Defendants filed a reply on February 21, 2008.

## FACTS

On July 25, 2007, the SCPD was called by one of Plaintiff's sisters. Police officers responded to this as a domestic dispute call and went to a home on E. College St. (the residence of Plaintiff's recently deceased mother). After speaking with those present, it became apparent that the dispute was over ownership of the residence. The sister was seeking to have Plaintiff removed from the property.

Plaintiff became agitated during the discussions. A warrant check was run which revealed that Plaintiff had two outstanding warrants--one from the City of Sumter and one from the County of Sumter. The City warrant was a bench warrant for a driving under suspension ("DUS")/no vehicle license conviction on April 17, 2003. The sentence was $797 or 60 days in jail. The County warrant was for a charge of fraudulent check less than $500.

Once the City warrant was in the hands of a City police officer, Plaintiff was arrested on the bench warrant. SCPD Officer Ronald McCoon transported Plaintiff to the police station, where the City bench warrant was served upon Plaintiff. Plaintiff was then transported to the SLRDC. He was served with the County warrant shortly after his arrival at the SLRDC.

On July 26, 2007, Plaintiff paid $797 and the sentence was discharged on that date. Plaintiff also had a bond hearing on the fraudulent check charge, and received a PR bond in the amount of $66 on July 26, 2007. See City Defendants' Motion for Summary Judgment, Exs. A-1 to A-4, B2 to B-4.

2

DISCUSSION

Plaintiff alleges that Defendants' actions subjected him to illegal arrest; improper stop, search, and seizure; a failure to provide him with legal counsel, a speedy trial, bail, and bond; a failure to provide him with proper medical care; and placement in a life threatening environment. He claims that Defendants caused and condoned this through inadequate use-of-force policies; inappropriate conduct policies; and a failure to supervise, train, discipline, monitor, and investigate police officers and alleged misconduct. Complaint at 1. He requests declaratory and injunctive relief, as well as three hundred million dollars. Complaint at 5.

The City Defendants contend that their motion for summary judgment should be granted because: (1) SCPD is not a legal entity or person amenable to suit under 42 U.S.C. § 1983; (2) Plaintiff fails to state facts sufficient to constitute a cause of action against the City Defendants; (3) there is no evidence that the City officers violated any of Plaintiff's constitutional rights; and (4) even if a material issue of fact exists as to whether a constitutional violation occurred, there is no evidence to support municipal liability. The County Defendants contend that they are entitled to summary judgment because: (1) Plaintiff has failed to exhaust his administrative remedies;[2] (2) Plaintiff cannot establish any claim against Sumter County of SLRDC as there is no evidence to establish municipal liability; (3) Plaintiff has not shown that he requested a speedy trial or that

---

[2]Plaintiff brought this suit after he was released such that it appears he was no longer "a **prisoner** confined in any jail, prison, or other correctional facility." See 42 U.S.C. § 1997e(a)(emphasis added); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998)("The statutory language does not leave wiggle room; a convict out on parole is not 'a person incarcerated or detained in any facility....'"). The exhaustion-of-remedies requirement of the Prison Litigation Reform Act does not apply to a litigant who files his or her § 1983 action after being released from prison. See Wilson v. Hampton County, No. 9:05-1777PMD, 2005 WL 2877725 (D.S.C. Oct. 31, 2005). Thus, Plaintiff's § 1983 claims do not appear to be barred by any failure to exhaust administrative remedies.

3

these Defendants violated that right; (4) Plaintiff has failed to state a claim that his confinement violated his constitutional rights; (5) Plaintiff cannot state a constitutional claim based on his bond hearing; (6) Plaintiff cannot establish a claim based on denial of access to legal counsel; (7) Plaintiff cannot establish a claim related to being placed in a life threatening situation; (8) Plaintiff fails to establish a violation of his constitutional rights based on a denial of medical care; (9) the County Defendants they are entitled to qualified immunity;[3] and (10) this action should be dismissed under 28 U.S.C. § 1915(e) and § 1915A, and should count as a strike.

1.      SCPD

The SCPD contends that it is not a legal entity or person amenable to suit under 42 U.S.C. § 1983. Buildings, walls, and fences do not act under color of state law. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under § 1983). Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. See, e.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(Denver Police Department not a separate suable entity), vacating and remanding for consideration of mootness, 475 U.S. 1138 (1986); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)(§ 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit). Hence, the SCPD is not a "person" subject to suit under § 1983.

---

[3] While individual defendants may be protected by qualified immunity, municipalities are not. Owen v. City of Independence, 445 U.S. 622 (1980).

2.      False Arrest

The City Defendants contend that to the extent Plaintiff is asserting a false arrest claim, the claim fails because there were outstanding warrants against Plaintiff at the time of his arrest. The Fourth Circuit has "held that a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998), citing Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir.1996).

3.      Excessive Force

Plaintiff alleges that he was harmed due to the City's inadequate use of force policies. The City Defendants contend that Plaintiff fails to show that officers violated any of Plaintiff's constitutional rights.

Plaintiff fails to establish a constitutional claim concerning any use of excessive force. He has not alleged that force was used during his arrest and he has presented no evidence that force was used. Further, he has shown no injury as a result of his arrest. See Richie v. Jackson, 98 F.3d 1335, 1996 WL 585152, *2 (4th Cir. 1996)[Table]; Joos v. Ratliff, 97 F.3d 1125, 1126 (8th Cir.1996) (per curiam) ("de minimis" amount of force in effecting an arrest would be insufficient to create constitutional issue). Where a plaintiff can point to no evidence of visible injury at the time of the incident and can point to no medical evidence of serious lasting injuries caused by any alleged use of force, a plaintiff's unsubstantiated claims of permanent injury are entitled to little weight. See Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1082 (8th Cir.1990)(claims of nerve damage and pain, without medical records establishing long-term injury, insufficient to demonstrate use of excessive force). Where a plaintiff's claims of serious injury are entitled to little weight, so are his claims of excessive force. Cooper v. City of Virginia Beach, 817 F. Supp. 1310, 1318

(E.D.Va.1993) ("lasting or serious injury" must be proven to escape summary judgment in excessive force case), aff'd, 21 F.3d 421 (4th Cir.1994) [Table].

    4.    <u>Conditions of Confinement/Failure to Protect</u>

Plaintiff appears to allege that his was subjected to unconstitutional conditions of confinement and/or that Defendants failed to protect him because he was placed in the maximum security section of the SLRDC with "a mental [sic] ill gay inmate" who "approached the plaintiff in sexual manner, which put the plaintiff['s] life at risk." The County Defendants contend that Plaintiff fails to show that any of his living conditions constituted punishment in violation of his constitutional rights and he cannot establish a claim related to being placed in a life threatening situation as he fails to show that he was injured in any way or that there was a specific known risk of harm.

Allegations of deprivations of pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. <u>Cooper</u> <u>v. Dyke</u>, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in <u>Ingraham v. Wright</u>, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions...the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

(Citations omitted). However, the due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners, and perhaps greater. <u>Whisenant v. Yuam</u>, 739 F.2d

160 (4th Cir. 1984); Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978), cert. denied, Moffit v. Loe, 446 U.S. 928 (1980).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979). Thus, it must be determined whether the conditions and/or treatment received by plaintiff amounted to punishment. Absent a showing of expressed intent to punish on the part of correctional officials, the determination whether a particular condition or restriction is punishment generally turns on whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose. Bell, 441 U.S. at 538.

Plaintiff fails to show any expressed intent on the part of Defendants to punish him. Oliver Wiley, a Captain at the SLRDC, states that Plaintiff refused to cooperate with the booking process and refused to cooperate with the medical screen. Wiley states that since Plaintiff was not booked in the SLRDC, he could not be placed into the general population, but was placed in a holding cell. He states that this policy is used to protect inmates who have already been booked in, as well as to protect the individual who has not been booked in. Wiley Aff., Paras. 4-7.

Further, Plaintiff fails to show that his living conditions caused him anything more than de minimis injuries. A de minimis injury does not violate the Fourteenth Amendment. See Ingraham, 430 U.S. at 674 ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned."); see also Riley v. Dorton, 115 F.3d 1159, 1167-1168 (4th Cir. 1997)(en banc)(any injury that plaintiff suffered as a result of the alleged use of excessive force against him must have been de minimis at best because the plaintiff saw medical personnel on numerous occasions for various injuries and never mentioned the alleged constitutional violation as the source

7

of any of his injuries or complaints),cert. denied, 520 U.S. 1030 (1997); Westmoreland v. Brown, 883 F. Supp. 67, 76 (E.D.Va. 1995)("a particular condition constitutes punishment only where it causes physical or mental injury").

Plaintiff also fails to show that Defendants violated his constitutional rights by failing to protect him. Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim.[4] Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Not every injury suffered by one inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). In Farmer, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id., at 847. The test is not

---

[4]Because both the Fourteenth Amendment's Due Process Clause and the Eighth Amendment address the permissibility of punishment, decisions addressing the dimensions of the Eighth Amendment's prohibition of cruel and unusual punishment provides guidance for analysis under the Due Process Clause in several respects. First, the due process rights of a pretrial detainee are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hosp. 463 U.S. 239, 244 (1983). Second, cases decided under the Eighth Amendment have addressed the meaning of the term "punishment" which forms the core of the protection afforded by both the Eighth and Fourteenth Amendments. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (inquiry as to whether officials are deliberately indifferent to serious medical needs is the same under the Due Process Clause of the Fourteenth Amendment and the cruel and unusual punishments of the Eighth Amendment). Third, in defining conduct that gives rise to liability under § 1983, the evolving standard has been "deliberate indifference." See, e.g., Redman v. County of San Diego, 942 F.2d 1435, 1441, 1443 (9th Cir. 1991)("The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right not to be punished with the deference given to prison officials to manage the prisons"), cert. denied, 502 U.S. 1074 (1992). Thus, it appears that a plaintiff's Fourteenth Amendment claim should examined under the deliberate indifference standard as set out in the Eighth Amendment claim cases discussed below. See, e.g., Ervin v. Magnum, 127 F.3d 1099, 1997 WL 664606 (4th Cir. 1997)[Table].

whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837. While the objective information known to the official may be used to infer the knowledge he actually had, and to draw inferences about his actual state of mind, those inferences are not conclusive. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. Whitley v. Albers, 475 U.S. 312, 319 (1986); Moore v. Winebrenner, 927 F.2d 1312 (4th Cir. 1991), cert. denied, 502 U.S. 828 (1991); Pressly, supra.

Plaintiff fails to show any harm or injury from being placed in a holding cell with an inmate he alleges was mentally ill and gay. Further, he fails to show that Defendants were deliberately indifferent to any danger to him. Wiley states that holding cells are in the booking area and are under constant surveillance by the booking officers, Plaintiff was not placed in a cell with a mentally ill inmate, and anyone with a mental illness is separated in a different area. He states that if Plaintiff had a problem with anyone, he could have told any officer. Wiley also states that there was no report of any problems during Plaintiff's detention at SLRDC. Wiley Aff., Paras. 7 and 10.

5. Medical Claims

Plaintiff appears to allege that his constitutional rights were violated because he was not given a medical evaluation upon entering the SLRDC. The County Defendants contend that Plaintiff has not shown that they were involved in his medical care and he fails to show that he suffered any serious medical need or injury.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[5] The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

---

[5]Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to any of his serious medical needs. Plaintiff appears himself to have declined the examination based on his phobia of closed spaces and not being allowed to smoke. Complaint at 3. Wiley states that Plaintiff refused to cooperate with the medical screen. Wiley Aff., Para. 5. He further states that if Plaintiff had

requested medical attention, Plaintiff would have been provided with a sick call request form, and Plaintiff would have been seen by medical. Wiley states that Plaintiff never made a request to him to be seen by medical for any reason. Wiley Aff., Para. 9. The County Defendants have provided a copy of a Medical Screening form, indicating that Plaintiff had no medical problems and he refused medical care. A Patient's Consent for Treatment form was witnessed by Nurse Sherman as to Plaintiff's refusal of medical care. County Defendants' Motion for Summary Judgment, Ex. A.

      6.     Speedy Trial Act

Plaintiff alleges that Defendants failed to provide him with a speedy trial. The County Defendants contend that Plaintiff fails to show that he requested a speedy trial or that they violated that right.

The Sixth Amendment of the United States Constitution provides that an accused shall enjoy a speedy trial. This protection extends to state trials through the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213 (1967). This right is also provided in Article 1 § 14 of the South Carolina Constitution. In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court outlined four criteria that are relevant in weighing a defendant's constitutional right to a speedy trial:

1. the length of the delay;

2. the reason for the delay;

3. when and how the defendant asserted his right to a speedy trial; and

4. the prejudice, if any, the defendant suffered by the delay.

Id. at 530. Determining whether the right to a speedy trial is denied depends on balancing the factors, no one factor is conclusive. Id. at 533. Prejudice to the defendant caused by delay is

generally the most important of the four factors. <u>Ricon v. Garrison</u>, 517 F.2d 628 (4th Cir.), <u>cert. denied</u>, 423 U.S. 895 (1975).

Here, Plaintiff has not shown that he requested a speedy trial. Further, he has not shown that Defendants were responsible for his receiving or not receiving a speedy trial or scheduling trial proceedings, he has provided no evidence to establish how he was denied the right, he has not shown that his trial was delayed, and he has not shown that he suffered prejudice from any delay.

7.  <u>Bail and Bond</u>

Plaintiff appears to allege that he was denied "bail and bond" in violation of his constitutional rights. The County Defendants contend that Plaintiff fails to establish a claim because he was provided a bond hearing within twenty-four hours of being booked into the SLRDC, the only reason he did not receive a hearing earlier was because he refused to follow the rules, and the judge that Plaintiff blames for the delay is not a defendant and would be entitled to immunity for such claims.

Plaintiff fails to establish a claim concerning bail or bond. Plaintiff paid the $797.00 on July 26, 2007, and the sentences for DUS and driving without a license were discharged on that date. Sergeant Thornwell Jones, a Sergeant at SLRDC, states that Plaintiff was taken for a bond hearing at approximately 8:00 a.m. on July 26, 2007. Plaintiff refused to cooperate with procedures during the bond hearing and also failed to follow the judge's instructions. Plaintiff was escorted out of the bond hearing and returned to the holding cell. He, however, was able to attend a bond hearing that afternoon. Plaintiff was given a bond on the fraudulent check charge and released that day. Jones Aff., Para. 5-7, 9; County Defendants' Motion for Summary Judgment, Ex. A; City Defendants' Motion for Summary Judgment, Exs. A1-A4, B2-B5.

8.      Right to Counsel

Plaintiff alleges that the was denied access to legal counsel.  The County Defendants contend that there is no evidence that Plaintiff ever requested counsel and that he cannot show that he suffered any injury from a lack of counsel.

Plaintiff fails to establish a constitutional violation concerning right to counsel.  Daryl McGhaney, the Assistant Director of the SLRDC, states that inmates are allowed to contact their attorney, if they make a proper requests.  Inmates are also allowed to fill out a public defender application if they make a proper request after they are denied bond.  McGhaney states that there is no record of Plaintiff ever making a request to speak with his attorney or ask for a public defender. McGhaney Aff., Paras. 5.  Jones states that Plaintiff never requested an attorney.  Jones Aff., Para. 8.

9.      Race Claims/Equal Protection

Plaintiff appears to allege that the warrant check, his alleged placement in maximum security, and an alleged threat from the judge to jail him for three days were based on Plaintiff's race or color (black).  The City Defendants contend that Plaintiff has presented no evidence to suggest that the act of performing a warrant check during the investigation of a criminal complaint was racially motivated, there is no allegation or evidence that officers used racially charged language during the encounter, and no evidence that similarly-situated individuals were treated differently.  These Defendants assert that the officers involved stated that they responded to a domestic dispute between family members over a residence, the complaining party sought to remove Plaintiff from the property, and the complaint was essentially one of trespass.  They also contend that Plaintiff was placed in a holding cell (not maximum security) based on his refusal to comply with the booking process and that the judge is not a defendant to this action.

Although racial discrimination claims are actionable, <u>Henry v. Van Cleve</u>, 469 F.2d 687 (5th Cir. 1972), merely conclusory allegations of discrimination are insufficient to state a claim. <u>See</u> <u>Chapman v. Reynolds</u>, 378 F. Supp. 1137 (W.D. Va. 1974)("[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated."). Plaintiff has not produced any evidence that his race played any part in his arrest, his placement in a holding cell, or a delay in his bond hearing.

Plaintiff may be attempting to assert an equal protection claim. An equal protection claim arises when, without adequate justification, similarly-situated persons are treated differently by a governmental entity. U.S. Const. amend XIV. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." <u>Morrison v. Garraghty</u>, 239 F.3d 648, (4th Cir. 2001). When the distinction is based on a "suspect classification" or effects the denial of a fundamental right, the constitutional scrutiny sharpens in focus to determine whether the classification is narrowly tailored to serve a compelling governmental interest." <u>See</u> <u>Plyler v. Doe</u>, 457 U.S. 202, 216-17 (1982). Here, police officers were called to a suspected domestic dispute. The officers ran a warrant check after Plaintiff became agitated. Plaintiff was placed in a holding cell after he refused to cooperate with the booking process and his bond hearing was delayed when he failed to follow rules. Plaintiff fails to show that similarly-situated persons were treated differently.

10.     <u>Municipal Liability</u>

The SCPD, the City of Sumter, and Patterson (in her official capacity) contend that there is no evidence to support Plaintiff's claims against them on a basis of municipal liability. The

15

County Defendants also contend that Plaintiff has not produced any evidence to establish municipal liability against them.

Plaintiff fails to establish that the City of Sumter, the SCPD, or Patterson in her official capacity are liable under a theory of municipal liability.[6]  He has not asserted any claims against Sumter City Police Department of Patterson, other than the acts of SCPD officers.  Plaintiff cannot establish that Defendants are liable for the acts of its employees under a respondeat superior theory based on the facts alleged. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Spell v. McDaniel, 824 F.2d 1380 (4th Cir.1987).

A municipality may not be held liable under § 1983 solely because it employs a tortfeasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the Plaintiff's injury. Board of County Commissioners v. Brown, 520 U.S. 397 (1997); Kirby v. City of Elizabeth City, North Carolina, 388 F.3d 440, 451 (4th Cir.2004). Plaintiff fails to identify a policy or custom of Defendants which caused his federal rights to be violated, thus he fails to state a claim against Defendants.

Plaintiff claims that the alleged incidents occurred because Defendants failed to properly train personnel.  What allegedly occurred here, however, constituted merely a single or isolated incident which could not constitute deliberate indifference by Defendants sufficient to give rise to municipal liability under § 1983 as a policy or custom. See Spell, 824 F.2d at 1391; Spratlin v. Montgomery County, 772 F.Supp. 1545, 1553 (D. Md.1990).

---

[6] A suit against a city official in his or her official capacity is adjudicated within the same principles of law that apply to suits against a municipality itself.  Monell v. Department of Social Services of New York, 436 U.S. 690-692 (1978); Gianocola v. State of West Virginia Dep't of Public Safety, 830 F.2d 547, 550 (4th Cir. 1987).

16

MOTION TO COMPEL AND/OR TO DISMISS

On January 3, 2008, the County Defendants filed a motion to compel. In the alternative, these Defendants ask the Court to dismiss this action for failure to prosecute. The County Defendants state that their First Set of Continuing Interrogatories and First Set of Continuing Requests for Production were served on Plaintiff on November 23, 2007, and Plaintiff failed to respond to the requests. Plaintiff has not responded to the motion to compel and/or dismiss. If this report and recommended is adopted, it is recommended that the motion to compel be denied as moot. If the report and recommendation is not adopted, it is recommended that the motion to compel be granted.

CONCLUSION

Based on review of the record, it is recommended that the motion for summary judgment of Defendants Sumter County and SLRDC (Doc. 27) be granted and the motion for summary judgment of Defendants City of Sumter, Patterson, and Sumter Police Department (Doc. 29) be granted. It is also recommended that the motion to compel or in the alternative to dismiss of Defendants Sumter County and SLRDC (Doc. 25) be denied as moot.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 12, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).