IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Evans, | ) | C/A No.: 3:07-2688-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| The City of Sumter, South Carolina; Chief of Sumter Police Patty J. Patterson; Sumter Police Department; Sumter County, South Carolina; Sumter-Lee Regional Detention Center, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

The *pro se* plaintiff, Reginald Evans, was a pretrial detainee at the Sumter County Detention Center during the time of the matters alleged in his complaint. He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants' actions subjected him to illegal arrest; improper stop, search and seizure; a failure to provide him with legal counsel, a speedy trial, bail and bond; a failure to provide him with proper medical care; and placement in a life threatening environment. He also alleges inadequate use of force and conduct policies, as well as negligence in supervising, training, disciplining, and investigating police officers alleged to have engaged in misconduct. He requests $300 million in damages, plus declaratory and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261

1

Recommendation wherein he suggests that the defendants' motions for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 12, 2008. However, the plaintiff did not file any objections[3] to the Report within the time limits prescribed. The plaintiff is not and was not in custody at the time of the filing of his complaint in this court.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report is incorporated herein by reference and defendants' motions for summary judgment are granted.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

September 3, 2008
Columbia, South Carolina

---

(1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motions.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).